UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-60236-CIV-MORENO

JUDITH E. GARCIA,

    Plaintiff,

vs.

LAW OFFICES OF JOEL CARDIS, LLC.,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND CLOSING CASE

THIS CAUSE came before the Court upon Defendant's Motion for Judgment on the Pleadings **(D.E. No. 23)**, filed on **May 18, 2007**.

THE COURT has considered the motion, the response and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED for the following reasons.

### BACKGROUND

The Plaintiff, Ms. Garcia, is a Florida resident. The Defendant, The Law Offices of Joel Cardis, is located in Pennsylvania. The Defendant sent a letter to Plaintiff demanding payment of a debt in the amount of $358.71 owed by Plaintiff to a creditor located in Broward County, Florida. The letter included the language, "[i]f I do not hear from you, I will have to evaluate having your account reviewed by counsel." Plaintiff does not dispute that she owes the debt.

Plaintiff sued Defendant alleging that Defendant violated both the Florida Consumer Collection Practices Act (the "Florida Act") and the Fair Debt Collection Act (the "Federal Act")

because Defendant did not register in Florida as an out-of-state debt collector prior to sending the letter. The case is dismissed because the Florida Act does not confer a private right to sue for failure to register and the Plaintiff has not stated a cause of action under the Federal Act.

## LEGAL STANDARD

Judgment on the Pleadings is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996); Fed.R.Civ.P. 12(c). The Court may dismiss the complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Slagle v. ITT Hartford, 102 F.3d 494, 497 (11th Cir. 1996).

## ANALYSIS

### A.  The Florida Consumer Collection Practices Act

The Florida Act does not specifically authorize a private party to sue an out-of-state debt collector because the debt collector did not register in Florida before attempting to collect the debt. The Plaintiff instead relies on sections 559.77 and 559.72(9) of the Florida Act to provide her standing to sue. Section 559.77 provides the Plaintiff with standing to sue for violation of any of the provisions of section 559.72.

The Plaintiff argues that the Defendant violated section 559.77(9), which provides that "no personal shall: Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist." The Plaintiff's theory is that the Defendant asserted the existence of a legal right to collect the debt when the Defendant knew the right did not exist because it had not registered under the Florida Act.

The Defendant asserted a valid right to collect the debt. The Defendant's failure to register under the Florida Act (if it was required to do so) does not invalidate the legal right to collect the debt from the Plaintiff. The Plaintiff acknowledges in this case that she owes the debt to the Broward County creditor. The Defendant has not asserted a right known not to exist. Section 559.77(9) therefore does not provide Plaintiff standing to sue Defendant for failure to register.

The Florida Legislature would have explicitly created a private right of action if the Legislature intended to confer a right to sue for failure to register. The Legislature instead left failure to register to state enforcement under sections 559.553(5) and 559.565 of the Florida Act. The provision for state enforcement of the registration requirement confirms the Legislature's intent not to create a private right to sue.

The decision of this Court that the Florida Act does not include a private right to sue for failure to register as an out-of-state debt collector agrees with the decision in Conner v. BCC Financial Management Services, Inc., 489 F.Supp.2d 1358, 1361-1362 (S.D. Fla 2007). Plaintiff has therefore not stated a cause of action upon which relief can be granted with respect to violation of the Florida Act.

**B. The Fair Debt Collection Act**

The Plaintiff argues that the Defendant's failure to register in Florida is a violation of 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." The Plaintiff's theory is that the sending of the letter constitutes a deceptive means because the Defendant had no right to engage in debt collection activity in Florida having not registered as an out-of-state debt collector under the Florida Act.

Two United States District Courts in Florida have addressed this issue in cases involving similar facts. In Thibodeau v. Credit Adjustment Bureau, 2006 U.S. Dist. LEXIS 87584 (M.D. Fla. 2006), the plaintiff sued an out-of-state credit collection agency because the agency sent a letter to the plaintiff despite not having registered under the Florida Act. The letter contained the statement that the debt "is scheduled to be reported as an unpaid collection item on your credit bureau file." *Id.* at 2. The District Court held that the letter was not a *per se* violation of the Federal Act. The District Court instead queried how the "least sophisticated debtor" would interpret the letter. *See* Jeer v. Credit Bureau, Inc., 760 F.2d 1168, 1177 (11th Cir. 1985); Wade v. Regional Credit Ass'n, 87 F.3d 1098 (9th Cir. 1996). The Thibodeau Court concluded that "the notice Defendant sent Plaintiff was not a threat to sue or take legal action but merely an informational notice advising and reminding Plaintiff of his debt responsibilities, how to dispute or discharge the debt, and the consequences of impairing his credit rating should he fail to act." *Id.* at 5. The Court consequently held that the letter was not false, deceptive or misleading as viewed by the least sophisticated debtor and granted the defendant's summary judgment motion. Thibodeau v. Credit Adjustment Bureau, 2006 U.S. Dist. LEXIS 87584, 5-6 (M.D. Fla. 2006).

In Pescatrice v. Elite Recovery Service, Inc., 2007 U.S. Dist. LEXIS 7930 (S.D. Fla. 2007), a collection agency sent a letter to a debtor. The collection agency's registration was void at the time of sending the letter. The plaintiff debtor attempted to distinguish the case from Thibodeau by arguing that Thibodeau only addressed "false representations" and not "deceptive means." *Id.* at 10. The District Court rejected the argument stating that "[t]his Court concludes that this is a distinction without a difference." The Pescatrice court granted the debt collector's motion for summary judgment.

In this case, the only language in the letter which could be construed as false, deceptive or misleading is the statement that "[i]f I do not hear from you, I will have to evaluate having your account reviewed by counsel." This language is similar to the statement in <u>Thibodeau</u> that the debt "is scheduled to be reported as an unpaid collection item on your credit bureau file." <u>Thibodeau v. Credit Adjustment Bureau</u>, 2006 U.S. Dist. LEXIS 87584, 2 (M.D. Fla. 2006). As in <u>Thibodeau</u>, the statement in the Plaintiff's letter to Defendant is merely informational and advises the Defendant that consequences may loom if Plaintiff does not pay her debt. Plaintiff has therefore not stated a claim under 15 U.S.C. § 1692e upon which relief can be granted.

## CONCLUSION

Count One of the Plaintiff's complaint alleging violation of 15 U.S.C. § 1692e is dismissed because Plaintiff failed to state a claim upon which relief can be granted. Count Two of the Plaintiff's complaint alleging violation of the Florida Act is dismissed because Plaintiff does not possess a private right to sue for the failure of an out-of-state debt collector to register under the Florida Act. This case is dismissed because no claims remain in the Complaint. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 7th day of September, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record